UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| URIEL FRANCISCO GARCIA-ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, et al., <br><br> Respondents. | Civil Action No. 25-16109 (SDW) <br><br><br> OPINION |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Uriel Francisco Garcia-Alvarado, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Adams County Correctional Center, Mississippi ("Adams County"). (ECF No. 1).

2. Respondents Warden Delaney Hall Detention Facility ("Delaney Hall"), ICE, ICE Newark Field Office Director John Tsoukaris, and Department of Homeland Security ("DHS") Secretary Kristi Noem oppose the Petition. (ECF No. 9).

3. Petitioner is a citizen of Colombia. (ECF No. 1 at 3). He entered the United States on December 4, 2022 and was granted parole pursuant to Immigration and Nationality Act ("INA") § 212(d)(5), 8 U.S.C. § 1182(d)(5). (ECF No. 9-2 at 3).

4. ICE notified Petitioner that his parole would conclude on February 2, 2023. (*Id.*) He was enrolled in the Alternatives to Detention ("ATD") program and told to "check into the nearest ICE facility when he arrives to his destination." (*Id.*; ECF No. 9-3 at 4).

5. Petitioner never checked into an ICE facility after being released. (ECF No. 9-3 at 4).

6.    On September 23, 2025, Petitioner was picked up by FBI agents in New York outside of his workplace. (ECF No. 9-3 at 4). He was taken to Delaney Hall in Elizabeth, New Jersey. (ECF No. 1 at 4).

7.    Petitioner filed his Petition on September 29, 2025, arguing that DHS never informed him that his parole had been terminated and that he was being detained without a bond hearing in violation of 8 U.S.C. § 1226(a). (*Id.*)

8.    Petitioner was transferred to Adam County on September 30, 2025. (ECF No. 8). This Court ordered Respondents to answer the Petition on October 1, 2025. (ECF No. 4).

9.    On October 12, 2025, DHS issued a Notice to Appear that stated Petitioner was a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 9-5 at 2). Petitioner was charged with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without admission or parole, and INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not possessing valid paperwork. (*Id.* at 5).

10.   Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.   Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A]

2

habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.").

12. Petitioner argues that he never received written notice that his parole had been terminated prior to being detained and that his detention without a bond hearing violates the Constitution. (ECF No. 1 at 5-6). He asserts Respondents incorrectly determined that he is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* at 6). Instead, Petitioner asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. (*Id.*)

13. Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond. In making this argument, Respondents rely on a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (ECF No. 9 at 13-24 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

14. As with many cases filed in this District and around the country, the critical issue before this Court is whether Petitioner is properly detained under § 1225(b) or § 1226(a). In brief, § 1225 provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt Soto v. Soto, et al.*, No. 25-cv-16200, ___ F. Supp. 3d ___, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025).

3

15. On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89). "[T]he provisions here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 … ." *Lopez Benitez v. Francis*, No. 25-cv-5937, ___ F. Supp. 3d. ___, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

16. Petitioner was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5). (ECF No. 9-2 at 3). That parole automatically ended on February 2, 2023, and Petitioner was not entitled to separate notice of its termination. 8 C.F.R. § 212.5(e)(1) ("Parole shall be automatically terminated without written notice … if not departed, at the expiration of the time for which parole was authorized … .")

17. At the conclusion of his parole, Petitioner was "restored to the status that [he] had at the time of parole." 8 C.F.R. § 212.5(e)(2). This Court must determine that status in order to determine his current status.

18. Noncitizens detained pursuant to § 1225(b)(2) can only be paroled pursuant to § 1182(d)(5)(A). *See Jennings*, 583 U.S. at 300 ("That express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released. (emphasis in original)). This parole authority is "not unbounded: DHS may exercise its discretion to parole applicants only on a case-by-case basis for urgent humanitarian reasons or significant

public benefit.'" *Biden v. Texas*, 597 U.S. 785, 806 (2022). "However, it does not necessarily follow that all those paroled under § 1182(d)(5)(A) were detained under § 1225 in the first instance." *Chanaguano Caiza v. Scott*, No. 1:25-cv-00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025).

19. Nothing in the record indicates that Petitioner was granted parole for urgent humanitarian reasons or public benefit. Indeed, the record reflects that he was released "due to time in custody restraints at the Ursula Rio Grande Valley Centralized Processing Center … . (ECF No. 9-1 at 4). Since § 1225(b)(2) detainees can *only* be paroled for urgent humanitarian reasons or significant public benefit, *Jennings*, 583 U.S. at 300, it follows that Petitioner was not detained pursuant to § 1225(b)(2) in 2022.

20. Respondents' 2025 actions further support a conclusion that Petitioner was detained pursuant to § 1226 in 2022. The warrant authorizing Petitioner's 2025 arrest listed INA § 236, § 1226, as the arrest statute. (ECF No. 9-4 at 2). Additionally, the Notice to Appear issued on October 12, 2025 specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 9-5 at 2 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) … ." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025). "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25-cv-01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a).")

5

21.     For these reasons, this Court concludes that Petitioner was detained pursuant to § 1226 prior to his 2022 parole and reverted to that status at the end of parole. Therefore, § 1226 governs Petitioner's current detention.

22.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

23.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: November 24, 2025