# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**URIEL FRANCISCO GARCIA-ALVARADO,**

        **Petitioner,**

    **v.**

**WARDEN, et al.,**

        **Respondents.**

**Civil Action No. 25-16109 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1.     Presently before this Court is Petitioner Uriel Francisco Garcia-Alvarado's motion to enforce the judgment ("Motion").  (ECF No. 12).

2.     Respondents Warden Delaney Hall Detention Facility ("Delaney Hall"), ICE Newark Field Office Director John Tsoukaris, and Department of Homeland Security ("DHS") Secretary Kristi Noem oppose the Motion.  (ECF No. 14).

3.     Petitioner is a citizen of Colombia.  (ECF No. 1 at 3).  On September 23, 2025, Petitioner was picked up by FBI agents in New York outside of his workplace.  (ECF No. 9-3 at 4).  He was taken to Delaney Hall in Elizabeth, New Jersey.  (ECF No. 1 at 4).

4.     Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") on September 29, 2025, arguing that he was being detained without a bond hearing in violation of 8 U.S.C. § 1226(a).  (ECF No. 1).

5.     Petitioner was transferred to Adams County Correctional Center, Mississippi ("Adams County") on September 30, 2025.  (ECF No. 8).

6.      On October 1, 2025, this Court ordered Respondents to answer the Petition.  (ECF No. 4).  The order also prohibited Respondents from moving Petitioner outside of New York, New Jersey, or Pennsylvania while this matter was pending.  (*Id.*)

7.      On November 24, 2025, this Court granted the Petition.  (ECF No. 11).  It ordered Respondents to treat Petitioner as detained under 8 U.S.C. § 1226(a) and to provide him with an individualized bond hearing.  (*Id.*)

8.      Petitioner filed his Motion on November 25, 2025.  (ECF No. 12).  He argues that his transfer to Adams County was unlawful and done for the purpose of interfering with his right to pursue habeas relief in this Court.  (*Id.* at 2-3).  He asks this Court to reaffirm its October 1 order and to order Respondents to return him to New Jersey.  (*Id.* at 4).

9.      Respondents filed opposition to the Motion, arguing that the non-transfer order was entered after Petitioner's transfer.  (ECF No. 14 at 1).  They also submitted an order indicating that Petitioner had received a bond hearing on November 28, 2025.  (ECF No. 14-2).  The immigration judge concluded Petitioner was a flight risk and denied bond.  (*Id.* at 2).

10.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  This Court has continuing jurisdiction to address alleged noncompliance with its grant of habeas relief.  *See Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007).

11.     This Court has reviewed the parties' submissions and arguments and concludes that the Motion should be denied.  Petitioner was transferred before this Court entered an Order prohibiting transfer outside of New York, New Jersey, or Pennsylvania.  (ECF No. 8).  Respondents cannot have violated an order that did not exist at the time.

12.    Furthermore, Petitioner waited a month to challenge the transfer, contradicting any assertion that he is subject to irreparable harm if he is not transferred back to New Jersey.

13.    Petitioner has now received a bond hearing, and he retains the ability to file an appeal of that hearing with the Board of Immigration Appeals.  Accordingly, this Court concludes there is no further relief available pursuant to § 2241 and will close the case.

14.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: December 15, 2025